UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 13-49-DCR |
| V. | ) ) | |
| MARCOS REYES-GOMEZ, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Marcos Reyes-Gomez pleaded guilty on November 13, 2013, to possessing more than 500 grams of methamphetamine with the intent distribute it. [Record No. 40] He was sentenced to a term of imprisonment of 180 months and a five year term of supervised release. Reyes-Gomez has filed a letter regarding a possible reduction of his sentence due to the recent amendments to the drug tables used to determine non-binding guideline ranges for incarceration applicable to certain federal drug offenses. This letter has been construed as a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). [Record No. 68] After reviewing Reyes-Gomez's motion and the record, the Court declines to reduce the defendant's sentence under the circumstances presented.[1]

Reyes-Gomez's base offense level was originally calculated as 32, which was decreased by three (3) levels for acceptance of responsibility, resulting in a total offense level of 29. [*See* Record Nos. 60; 63, pp. 31–32] However, following notice to the parties and the introduction of evidence during the sentencing hearing, the Court applied a two-level

---

1   The Court has denied Reyes' request for counsel. [Record No. 69]

enhancement for recklessly creating a substantial risk of death or serious bodily injury in the course of fleeing from a law enforcement officer under U.S.S.G. § 3C1.1 (Nov. 1, 2013). The Court heard testimony that Reyes-Gomez ran from the police during the initial traffic stop. [Record No. 63, pp. 8–28] Reyes-Gomez ran to a nearby trailer about half a mile away from the initial stop. [*Id.*] The officer pursued Reyes-Gomez into the trailer, where the officer shot him with a stun gun. [*Id.*] Undeterred, Reyes-Gomez continued to try to escape, and actively fought the police officer as the officer eventually subdued him. [*Id.*] Thus, the base offense level was ultimately determined to be 34, which was reduced by three levels for a final total offense level of 31. [Record No. 63, pp. 31–32] Combined with a criminal history calculation of IV, Reyes-Gomez was subject to a non-binding guideline range of 151 to 188 months. [Record No. 63, p. 33] After considering the statements and arguments of the parties, as well as the full circumstances of Reyes-Gomez's arrest, criminal conduct underlying this charge, and his prior criminal history, the Court determined that a sentence of 180 months was sufficient, but not greater than necessary, to meet the applicable statutory goals and objectives under 18 U.S.C. § 3553.

The issue presented by the current motion is whether a sentence reduction would be warranted in light of the facts of the case and all relevant factors to be considered under 18 U.S.C. § 3553. The Court considers the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance or responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes by Reyes-Gomez.

The Court sees no reason to reduce his sentence below the 180 month term of imprisonment previously imposed.[2]  Reyes-Gomez was arrested carrying more than 500 grams of methamphetamine.  When caught, Reyes-Gomez chose to flee, which placed himself, the arresting officer, and at least two bystanders at great risk.  Reyes-Gomez's criminal history is significant and indicates that there is a high likelihood that he will re-offend when released.  Reyes-Gomez was previously found guilty of fleeing and evading police, a number of traffic violations, three convictions for possession of controlled substances and possession of drug paraphernalia.  Further, Reyes-Gomez has been removed from the country at least three times, demonstrating that he has little respect for the laws of the the United States.  A reduced sentence would not serve the goals of general or specific deterrence.  The Court, having considered the severity of Reyes-Gomez's criminal conduct and his criminal history, as well as the other remaining factors, finds that a sentence of 180 months, and no less, is sufficient but not greater than necessary to attain the statutory goals and objectives outlined in §3553.  Accordingly, it is hereby

**ORDERED** that Defendant Marcos Reyes-Gomez's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) [Record No. 68] is **DENIED.**

This 12th day of January, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge

---

2      Reyes-Gomez would have qualified for increased punishment under 21 U.S.C. § 851, but his use of various aliases meant that his complete criminal history was not known until after Reyes-Gomez entered a guilty plea.  Thus, the United States was unable to timely file the requisite information under Section 851.  Had his criminal background been known before he entered his plea, Reyes-Gomez should have faced a mandatory 20 year term of imprisonment.